IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CRISTINA HERNANDEZ,

Defendant.

Case No. 10-mj-39

ORDER FOR PRETRIAL DETENTION

On the 23rd day of February, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Jack Lammers. The Defendant appeared personally and was represented by her attorney, JoAnne Lilledahl.

### RELEVANT FACTS

On February 16, 2010, Defendant Cristina Hernandez was charged by Criminal Complaint (docket number 3) with possession with the intent to distribute methamphetamine. Special Agent Ryan Moore of the Iowa Division of Narcotics Enforcement testified regarding the circumstances surrounding the instant charge.

On February 2, 2010, several recorded phone calls were placed to Cristina Hernandez by a confidential informant ("CI"). It was agreed that the CI would meet with Hernandez to pay off a $4,200 drug debt. According to Special Agent Moore, the debt represented money owed for an earlier purchase of methamphetamine by the CI from Hernandez. It was further agreed that Hernandez would "front" the CI an additional one-half pound of methamphetamine for resale. The CI and Special Agent Moore met with Hernandez on a rural Franklin County road. Co-Defendant Jaime Sandoval was a passenger in Hernandez's vehicle. The CI paid $4,200 on the prior debt, and received an

additional one-half pound of methamphetamine from Hernandez, agreeing to pay an additional $16,800.

Nine days later, on February 11, 2010, the CI placed additional recorded phone calls to Hernandez. It was agreed that the CI would pay for the one-half pound of methamphetamine received earlier, and would be fronted an additional one-half pound of methamphetamine. The vehicle occupied by Hernandez and Sandoval was followed by authorities from Marshalltown to Grundy County, where it was stopped by an Iowa State Trooper. With Hernandez's consent, the vehicle was searched and one-half pound of methamphetamine was seized. Sandoval admitted that the methamphetamine was his.

According to the pretrial services report, Defendant is 22 years old. While she has never been married, she has had a relationship with her co-Defendant, Jaime Sandoval, on-and-off for the past ten years. One child was born to the relationship, now age nine. The child is apparently being cared for by Sandoval's parents.

Defendant left school after completing the tenth grade. Since October 2009, she has been employed by Iowa Wireless in Marshalltown. Defendant was apparently unemployed for one year prior to that time. Defendant does not have any significant physical or mental health concerns, and she denies drinking alcohol or using drugs.

Defendant has a substantial number of arrests as a juvenile. As an adult, however, her only conviction is for a forgery in 2006. Defendant received a deferred judgment and successfully completed her probation on January 9, 2009.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with the intent to distribute methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession with the intent to distribute methamphetamine. The evidence against Hernandez is strong. The transaction on February 2, 2010 was arranged by the CI placing recorded phone calls to Hernandez. Part of the transaction involved the payment of a drug debt for methamphetamine previously provided by Hernandez. On February 2, Hernandez handed the CI an additional one-half pound of methamphetamine, with an agreement for payment of $16,800. On February 11, additional recorded phone calls were made to arrange for the payment of the drugs delivered on February 2, and to "front" an additional one-half pound of methamphetamine. Hernandez's vehicle was stopped on the way to the meeting and one-half pound of methamphetamine was found in the car. While Defendant has long ties to the Marshalltown community, she only recently became re-employed. Defendant has only a limited criminal record as an adult. The distribution of drugs constitutes a generalized danger to the community.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a

Case 1:10-mj-00039-JSS   Document 18   Filed 02/23/10   Page 4 of 6
4

maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. At the preliminary hearing, the Court found that there is probable cause to believe that the Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence she does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met her burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of her right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 18, 2010) to the filing of this Ruling (February 23, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of February, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA